| | |
|---|---|
| Minute Order Form (06/97) | |

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 517 | **DATE** | 9/13/2000 |
| **CASE TITLE** | MIHAIL RADULESCU, et al vs. ARTHUR GOLDNER & ASSOCS., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies Arthur Goldner & Assocs. and Greenleaf's motions to dismiss [3-1]&[8-1].
Status hearing set for 10/2/00 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | Document Number |
| | Notified counsel by telephone. | SEP 15 2000 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 SEP 14 PM 3:23 | |
| TBK | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MIHAIL RADULESCU and )
ECATERINA RADULESCU, )
                                                )
                Plaintiffs, )
                                                )
v.                                              )     Judge Ronald A. Guzman
                                                )
ARTHUR GOLDNER & ASSOCS., and )     00 C 517
GREENLEAF MANAGEMENT CO., )
                                                )
                Defendants. )

DOCKETED SEP 15 2000

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mihail and Ecaterina Radulescu have sued their former employer, Greenleaf Management Co. ("Greenleaf"), and its parent company, Arthur Goldner & Associates, Inc. ("Arthur Goldner & Assocs.") for alleged discrimination based on national origin and age in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 620 *et seq.* Arthur Goldner & Assocs. and Greenleaf have moved to dismiss the complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1). For the reasons provided in this Memorandum Opinion and Order, the Court denies both motions.

### Facts

Plaintiffs were employed by Greenleaf and its parent company Arthur Goldner & Assocs. from approximately September 1, 1992 until approximately February 2, 1999. (Compl. ¶ 12.) Defendants' primary business is real estate management. (*Id.* ¶ 13.) Mihail Radulescu, a fifty-four-year-old Romanian, performed general maintenance and Ecaterina Radulescu, a fifty-three-year-old

Romanian, performed general housekeeping duties at defendants' apartment complex in Evanston, Illinois. (*Id.* ¶¶ 14-16.)

In January 1999, a property vendor hired by defendants made nationality based slurs toward plaintiffs and plaintiffs reported the behavior to defendants. (*Id.* ¶¶ 21-22.) Defendants took no action to prevent or modify the vendor's behavior. (*Id.* ¶ 23.) After plaintiffs complained, supervisors Arthur Goldner and Bonnie Norman made slurs based on their national origin. (*Id.* ¶ 24.) Shortly thereafter, in February 1999, plaintiffs received a letter signed by Bonnie Norman from Arthur Goldner & Assocs. which terminated their employment and stated that they were being replaced by Reamer Valencia, a person who is not Romanian and was under the age of forty. (*Id.* ¶ 25.)

Plaintiffs allege that "[a]t all times relevant to this claim, Defendants Arthur Goldner & Associates, Inc. and Greenleaf Management Company employed fifteen or more persons for each working day in each of twenty or more calendar weeks in the current or preceding calendar year to fill positions in its offices and other real estate offices controlled by it." (*Id.* ¶ 5.)

Attached to the complaint are plaintiffs' EEOC charges. (*Id.*, Exs. A, B.) In each of their charges, plaintiffs state: "In late January, 1999, and again in February, 1999 I was subjected to ethnic harassment by Arthur Goldner (age unknown, USA), General Manager . . . ." (*Id.*)

## Discussion

Greenleaf has moved to dismiss the complaint pursuant to Rule 12(b)(1) because it did not have the requisite number of employees to be an "employer" under Title VII. Arthur Goldner &

Assocs. has moved to dismiss the complaint pursuant to that same rule because it was not named in the EEOC charge.

As a threshold matter, both defendants have incorrectly characterized their motions as jurisdictional in nature. *See Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 438 n.1 (7th Cir. 1996) (stating that whether defendant has fifteen employees required to be "employer" under Title VII is not jurisdictional); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989) (stating that requirement that defendant be named in EEOC charge is not jurisdictional). Thus, the Court may grant defendants' motions to dismiss only if it is otherwise proper under Rule 12(b)(6) or Rule 56. *See Komorowski v. Townline Mini-Mart & Restaurant*, 162 F.3d 962, 964-65 (7th Cir. 1998). Because the parties have not been given an opportunity to present all material pertinent to a summary judgment motion, the Court will address the motions pursuant to Rule 12(b)(6).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court must accept as true all well-pleaded allegations set forth in the complaint. *See Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir. 1987). All reasonable inferences to be drawn from those allegations are also accepted as true. *See Nelson v. Monroe Regional Med. Ctr.*, 925 F.2d 1555, 1558 (7th Cir. 1991). Dismissal is only justified when the allegations of the complaint itself clearly indicate that plaintiff does not have a claim upon which relief can be granted. *See American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 724 (7th Cir. 1986). Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

First, we address Greenleaf's motion to dismiss on the ground that it did not have the requisite number of employees to be an "employer" under Title VII. Plaintiffs allege that "[a]t all times relevant to this claim, Defendants Arthur Goldner & Associates, Inc. and Greenleaf Management Company employed fifteen or more persons for each working day in each of twenty or more calendar weeks in the current or preceding calendar year to fill positions in its offices and other real estate offices controlled by it." (Compl. ¶ 5.) Accepting, as we must, all facts alleged in the complaint and all reasonable inferences drawn therefrom as true, the Court must deny Greenleaf's motion to dismiss. Whether or not Greenleaf may prevail in its argument that it does not meet the definition of employer is an issue more properly decided on a motion for summary judgment after the parties have had an opportunity for discovery.

Second, we address Arthur Goldner & Assocs.' motion to dismiss for plaintiffs' failure to name it in the EEOC charge. As stated above, the issue before us is whether the complaint raises allegations that would entitle plaintiffs to relief if proven. In addition, "[d]ocuments attached to the complaint are incorporated into it and become part of the pleading itself." *International Marketing, Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 728 (7th Cir. 1999).

"Ordinarily, a party not named in an EEOC charge may not be sued under Title VII." *Schnellbaecher*, 887 F.2d at 126. An exception to the general rule exists, however, where "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981). "The purpose behind this exception is to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charges." *Id.* at 906. "Congress could not have

4

intended that a person filing EEOC charges should accurately ascertain, at the risk of later facing dismissal, at the time the charges were made, every separate entity which may have violated Title VII." *Id.*

In their EEOC charges, plaintiffs named Greenleaf as a respondent, but not Arthur Goldner & Assocs. However, plaintiffs alleged in their EEOC charges that Arthur Goldner, who happens to be president of Arthur Goldner & Assocs., subjected them to ethnic harassment in January and February 1999. (Compl., Exs. A, B.) As such, the Court finds that Arthur Goldner & Assocs. had adequate notice of the charges against it and the circumstances were such that Arthur Goldner & Assocs. was given the opportunity to participate in conciliation proceedings. Arthur Goldner & Assocs. has provided no case, and the Court finds none, in which the court has held that an unnamed parent company had no notice of a charge of discrimination where the charge included allegations that an officer of the unnamed parent company discriminated against plaintiffs. The Court therefore denies Arthur Goldner & Assoc.'s motion to dismiss the complaint.

## Conclusion

For the forgoing reasons, the Court denies Arthur Goldner & Assocs. and Greenleaf's motions to dismiss [3-1, 8-1].

**SO ORDERED**  ENTERED: 9/13/00

HON. RONALD A. GUZMAN
**United States Judge**